# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>JOSE NAPOLEON ERAZO HERNANDEZ, JR.,<br><br>         Defendant. | Case No.: 3:12-CR-4965-DMS-2<br><br>**ORDER DENYING MOTION FOR SENTENCE MODIFICATION UNDER 18 U.S.C. § 3582(C)** |

On August 12, 2020, Defendant Jose Napoleon Erazo Hernandez, Jr., proceeding *pro se*, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The United States filed a response in opposition, and Defendant filed a reply. For the reasons given herein, the Court denies Defendant's motion.

## I.
## BACKGROUND

On July 7, 2016, Defendant Erazo Hernandez pled guilty to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and 856. (ECF No. 235.) Defendant was sentenced to ten years in prison, followed by five years of supervised release. (ECF No. 269.) Defendant's projected release date is August 23, 2024. (ECF No. 288 at 7.) Defendant is currently incarcerated at Federal Correctional Institution

Victorville Medium I.  (ECF No. 288 at 7.)  As of November 17, 2020, the Bureau of Prisons ("BOP") reported eight inmates currently positive for COVID-19 at Victorville Medium I, one death, and 343 having recovered. *See COVID-19: Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited November 17, 2020).

Defendant asserts he is subject to more severe restrictions in custody due to his noncitizen status, and cites the threat posed by the COVID-19 pandemic.  (ECF No. 286 at 8, 11.)  On August 13, 2020, Defendant tested positive for COVID-19.  (ECF No. 301 at 6; Ex. A to ECF No. 301.)  Although he has recovered, Defendant now suffers from anxiety, stress, and joint pain. (ECF No. 301 at 6.)  Based on these allegations, Defendant filed the present motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 286.)  Defendant seeks a reduction in his sentence.  (*Id.* at 9.)  The United States opposes Defendant's motion.  (ECF No. 288.)

Also pending before the Court is Defendant's motion for an extension of time to file a reply.  (ECF No. 299.)  The pending motion is duplicative of Defendant's September 21, 2020 motion for an extension of time (ECF No. 293), which was granted (ECF No. 294). Defendant's reply was accepted by the Court on October 29, 2020.  (ECF Nos. 300, 301.) Accordingly, the pending motion for extension of time is moot.

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure.  *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).  The First Step Act ("FSA") is such a statute.  *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018).  Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the BOP process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant."  A defendant may bring a § 3582(c) motion after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it."  *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted).  Here, Defendant submitted a request for compassionate release to the warden of Victorville Medium I on June 28, 2020.  (ECF No. 286 at 15.)  The United States does not dispute that Defendant has exhausted his administrative remedies.  (ECF No. 288 at 6.)  Accordingly, the Court may address Defendant's motion on its merits.

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction complies with 18 U.S.C. § 3553(a), and the defendant "is not a danger to the safety of any other person or to the community[.]"  *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("U.S.S.G") § 1B1.13.  As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction.  *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

1. <u>Extraordinary and Compelling Reasons</u>

Defendant contends he is eligible for compassionate release based on the COVID-19 pandemic and his positive COVID-19 diagnosis.  The Sentencing Guidelines provide that extraordinary and compelling reasons may exist for compassionate release where a defendant suffers from, among other conditions, "a serious physical or mental condition … that substantially diminishes the ability of the defendant to provide self-care within the

environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G § 1B1.13, cmt n.1(A)(i)(I).

First, Defendant asserts he is subject to certain restrictions in custody, such as ineligibility to receive credit for drug abuse programs, due to his noncitizen status. (ECF No. 286 at 8.) As the United States notes, Defendant has legal permanent resident status and will likely be subject to deportation following his release, due to his conviction for an aggravated felony in this case. (ECF No. 288 at 14.) Defendant fails to establish that these restrictions are an "extraordinary and compelling reason" warranting release. Defendant's immigration status alone is not a basis for establishing "a serious physical or mental condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G § 1B1.13, cmt n.1(A)(i)(I).

Next, Defendant argues he is at a higher risk of negative health outcomes from COVID-19 because he is Hispanic. (ECF No. 301 at 9–10.) Although Defendant is correct that the CDC notes an increased likelihood of contracting COVID-19 or experiencing severe illness among racial and ethnic minorities, "the correlation between racial and ethnic minority groups and the increased likelihood of contracting COVID-19 or experiencing severe illness is acknowledged to be the result of long-standing systemic health and social inequities, not due to a causal relationship between susceptibility to the disease and race or ethnicity." *United States v. Coria*, No. 17-CR-616-PJH, 2020 WL 4441135, at *3 (N.D. Cal. Aug. 3, 2020) (finding defendant failed to show conditions substantially diminished ability to provide self-care); see Centers for Disease Control, *Health Equity Considerations and Racial and Ethnic Minority Groups*, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last visited November 17, 2020). "[A]lthough the CDC has recognized that Latino individuals have a higher rate of COVID-19-associated hospitalizations, the fact that because defendant is Latino he might face a higher risk of severe illness from COVID-19 if contracted, by itself, is not an extraordinary and compelling reason for compassionate release." *United States v. Manuel Garcia*, No. 116CR00149DADBAM, 2020 WL 4476398, at *5 (E.D. Cal. Aug. 4, 2020). Defendant

has not demonstrated that his characteristics constitute a medical condition that "substantially diminishes" his ability to provide self-care in custody. U.S.S.G § 1B1.13, cmt n.1(A)(i)(I).

Next, Defendant argues his COVID-19 diagnosis means he will likely suffer long-term damage that will increase his risk of serious illness should he contract COVID-19 again. (ECF No. 301 at 9.) Defendant does not assert he has any other medical condition that might place him at a higher risk of serious illness from COVID-19.

Courts are split on whether an individual who has recovered from COVID-19 can still show extraordinary circumstances. *Compare United States v. Molley*, No. CR15-0254-JCC, 2020 WL 3498482, at *3 (W.D. Wash. June 29, 2020) (finding uncertainty around reinfection and immunity "cuts against compassionate release"), *with United States v. Yellin*, No. 3:15-CR-3181-BTM-1, 2020 WL 3488738, at *3 (S.D. Cal. June 26, 2020) (finding extraordinary circumstances warranted due to uncertainty around reinfection and immunity). However, even in *Yellin*, which granted release to a defendant who had recovered from COVID-19, the defendant was 76 years old, suffering from diabetes, heart disease, hypertension, high blood pressure, lymphoma, and was in remission from cancer. 2020 WL 3488738, at *2. The court found these conditions, in combination with the potential risk of reinfection, qualified as extraordinary and compelling reasons. *See id.* at *3 ("If Mr. Yellin were to be reinfected, his numerous underlying medical conditions could make COVID-19 infection deadly for him.").

Here, in contrast, Defendant does not have any underlying medical conditions that would increase his risk from COVID-19 upon potential reinfection. Prior to his COVID-19 diagnosis, the United States' review of Defendant's BOP medical records indicated Defendant is a "healthy 35 year old male." (ECF No. 288 at 15.) It does not appear Defendant required extensive treatment (*see* ECF No. 301 at 9) and he has now recovered. The Court finds that a positive case of COVID-19 and subsequent recovery in an otherwise healthy individual does not rise to the level of "extraordinary and compelling reasons" to warrant compassionate release.

Although the Court is sympathetic to Defendant's concerns about the risk of re-acquiring COVID-19 in custody, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Accordingly, Defendant has not demonstrated "extraordinary and compelling" reasons for his release.[1]

### III.
### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is respectfully denied, and Defendant's second motion for an extension of time to reply (ECF No. 299) is denied as moot.

**IT IS SO ORDERED.**

Dated:  November 21, 2020

_____
Hon. Dana M. Sabraw
United States District Judge

---

[1] Because Defendant has failed to establish "extraordinary and compelling reasons," the Court need not reach the § 3553(a) factors. Even if it were to do so, the Court would likely agree with the United States that a sentence reduction is not warranted, given Defendant's involvement in a sophisticated drug trafficking organization that distributed large quantities of cocaine throughout multiple states and moved hundreds of thousands of dollars in drug proceeds back to Mexico over a multi-year period, for which Defendant admitted responsibility for over 150 kilograms of cocaine. (*See* ECF No. 288 at 17.)