# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOSE NAPOLEON ERAZO HERNANDEZ, JR.,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:12-CR-4965-DMS-2<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

　　　Pending before the Court is Defendant Jose Napoleon Erazo Hernandez, Jr.'s *pro se* motion for reconsideration of the Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The United States filed a response in opposition, and Defendant filed a reply. For the following reasons, the Court denies Defendant's motion.

　　　On July 7, 2016, Defendant Erazo Hernandez pled guilty to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and 856. (ECF No. 235.) Defendant was sentenced to ten years in prison, followed by five years of supervised release. (ECF No. 269.) Defendant is currently incarcerated at Federal Correctional Institution Victorville Medium I, and his projected release date is August 23, 2024. (ECF No. 288 at 7.) On August 12, 2020, Defendant, proceeding *pro se*, filed a motion for compassionate release (ECF No. 286.) The Court denied the motion on November 13,

2020. (Order, ECF No. 302.) Defendant now moves for reconsideration of the Court's denial of compassionate release. (ECF No. 306.)

"No precise rule governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (quotations omitted). Courts typically evaluate these motions under the standards applied to civil motions for reconsideration. *See United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007). Under those standards, reconsideration is appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Defendant argues the Court's compassionate release analysis was improper, relying on *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), for the proposition that district courts, in their discretion, may determine "extraordinary and compelling reasons" for the purpose of compassionate release because U.S.S.G. § 1B1.13 is not binding on them. Defendant again contends that his custodial restrictions based on his noncitizen status, as well as his risk of reinfection with COVID-19, are "extraordinary and compelling reasons."

*Brooker* is not binding on this Court, and the Ninth Circuit has yet to rule on the issue of U.S.S.G. § 1B1.13's applicability to district courts' consideration of motions for compassionate release. Even if this Court were to follow *Brooker*'s reasoning, Defendant fails to establish "extraordinary and compelling reasons" warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

First, Defendant argues the Court incorrectly stated Defendant was a legal permanent resident and submits evidence of his order of removal. (Ex. A to ECF No. 306.) The Court acknowledges Defendant's order of removal, but even if Defendant technically no longer has legal permanent resident status, this fact does not change the Court's analysis. Rather,

the key fact upon which the Court based its original decision is that Defendant is a noncitizen subject to deportation, which the parties do not dispute. Accordingly, the Court once again finds Defendant's immigration status—*i.e.*, deportability and custodial restrictions—is insufficient to constitute "extraordinary and compelling reasons" for compassionate release, even under the standard articulated in *Brooker*. *See, e.g.*, *United States v. Nawaz*, No. 16 CR. 431 (AT), 2020 WL 7773478, at *3 (S.D.N.Y. Dec. 30, 2020) (stating post-*Brooker* that "[c]ourts, both in this District and elsewhere, have not found that an ICE detainer, without additional preexisting, high-risk health conditions, constitutes an extraordinary and compelling reason for release") (citing cases); *United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020) (finding defendant's immigration status "does not rise to the level of seriousness necessary for a grant of compassionate release" under broad interpretation of statute).

Second, Defendant argues the Court should find the risk of reinfection with COVID-19 constitutes an "extraordinary and compelling reason." As the Court found previously, Defendant is a "healthy 35 year old male" with no underlying health conditions who tested positive for COVID-19, did not require extensive treatment, and subsequently recovered. (*See* ECF No. 302 at 5.) Even if the Court were free to determine what constitutes "extraordinary and compelling reasons" outside the bounds of U.S.S.G. § 1B1.13, Defendant fails to make such a showing. Given all the circumstances here, the possibility of reinfection with COVID-19 is insufficient to justify compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Accordingly, the Court once again concludes that neither Defendant's custodial restrictions based on immigration status nor his risk of reinfection from COVID-19 constitute extraordinary and compelling reasons warranting a sentence reduction. Moreover, even if Defendant could make such a showing, the Court is required to consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable."

18 U.S.C. § 3582(c)(1)(A).[1]  In this case, the § 3553(a) factors strongly disfavor a sentence reduction.  Defendant's conviction arises out of his involvement in a sophisticated drug trafficking organization that distributed large quantities of cocaine throughout multiple states and moved hundreds of thousands of dollars in drug proceeds back to Mexico over a multi-year period, for which Defendant admitted responsibility for over 150 kilograms of cocaine.  (*See* ECF No. 288 at 17.)  Defendant's sentence properly reflects the seriousness of this offense, as well as § 3553(a)'s overarching goals of punishment, respect for law, deterrence, and protection of society.

For the foregoing reasons, Defendant's motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated:  February 2, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)–(D).  The court also must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1),(6).