# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>v.<br><br>JOSE NAPOLEON ERAZO HERNANDEZ, JR.,<br><br>                               Defendant. | Case No.: 12-cr-4965-DMS-2<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |

Pending before the Court is Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (2023). (ECF No. 313.) The government filed a response in opposition. (ECF No. 320.) The Court finds that Defendant does not qualify for a sentence modification under U.S.S.G. § 4C1.1 and denies the motion.

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  "Section 3582(c)(2) allows modification of a term of

imprisonment when: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission; and (2) such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam).

Under U.S.S.G. § 4A1.1(e), which became effective November 1, 2023, a defendant no longer receives a two-point increase in criminal history points "for having committed the instant offense while under a criminal justice sentence." *United States v. Courtway*, No. 18-CR-4687-DMS-1, 2023 WL 8772931, at *10 (S.D. Cal. Dec. 19, 2023). However, U.S.S.G. § 1B1.10(b)(2) "prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended guidelines range," except where the defendant received a substantial assistance departure in the original sentencing. *United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014). In other words, even if the defendant can satisfy the criteria of Amendment 821, the court may not impose a sentence below the minimum of the amended guidelines range unless the defendant received a substantial assistance departure.

At Defendant's original sentencing hearing, the Court determined Defendant's base offense level was 36. After a downward adjustment of three levels for acceptance of responsibility on the Government's motion, the Court calculated Defendant's total offense level as 33 with a criminal history score of 8, and a criminal history category of IV resulting in a sentencing guideline range of 188–235 months. The Court sentenced Defendant to 120 months, the mandatory minimum sentence, well below the low end of the guideline range. Pursuant to Amendment 821 and U.S.S.G. § 4A1.1(e), the Court finds that Defendant's criminal history score would be 6, and his criminal history category would be III resulting in an amended guideline range of 168–210 months. Defendant's sentence of 120 months is significantly below the amended guideline range, and the record does not show that Defendant received a substantial assistance departure. Accordingly, the Court concludes that it "lacks discretion to reduce Defendant's sentence," *United States v. Caicedo*, No. 18-CR-2242-DMS-1, 2024 WL 666342, at *1 (S.D. Cal. Feb. 16, 2024), and

**DENIES** the motion.

      **IT IS SO ORDERED.**

Date: February 29, 2024

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court